JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kimberly Menger Taylor and Patrick Taylor, her husband

## DEFENDANTS
John Manta, M.D. and The Trustees of the University of Pennsylvania d/b/a Penn Medicine

**(b)** County of Residence of First Listed Plaintiff   **Austin, TX**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Chester, PA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Anthony J. Baratta, Esquire, Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, PA 19006    215-914-2222

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1322; 28 U.S.C. Section 1357; 28 U.S.C. Section 1391(b)
Brief description of cause:
Medical Malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE   12/30/16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIMBERLY MENGER TAYLOR AND :
PATRICK TAYLOR, HER HUSBAND :
11406 Taterwood Drive :
Austin, TX 78750 :
　 :
V. :
　 :
JOHN MANTA, M.D. :
479 Thomas Jones Way  Suite 300 :
Exton, PA 19341 :
　 :
AND :
　 :
THE TRUSTEES OF THE UNIVERSITY :
OF PENNSYLVANIA D/B/A PENN MEDICINE :
3451 Walnut Street  Room 329 :
Philadelphia, PA 19104 :

## CIVIL ACTION COMPLAINT

### I.   JURISDICTION

Jurisdiction is founded upon diversity of citizenship of the parties pursuant to 28 U.S.C. §1322, in that Plaintiffs, Kimberly Menger Taylor and Patrick Taylor, husband and wife, are citizens and residents of the State of Texas and Defendants are located in the Commonwealth of Pennsylvania with places of business located therein and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

This Court has supplemental jurisdiction over the state law claims in this case pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the claims that are within this Court's original jurisdiction that they form part of the same case or controversy.

## II.   VENUE

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b), since the events giving rise to the claims set forth herein occurred within the jurisdiction of this Court.

## III.   PARTIES:

1. Plaintiff, Kimberly Menger Taylor, hereinafter "Plaintiff" is an adult individual currently residing at 11406 Taterwood Drive, Austin, Texas 78750.

2. Plaintiff, Patrick Taylor, hereinafter the spouse of Plaintiff, Kimberly Menger Taylor, is an adult individual currently residing at 11406 Taterwood Drive, Austin, Texas 78750.

3. Defendant, John Manta, M.D., (hereinafter "Defendant Manta") is a physician who at all times pertinent herein has been a specialist in orthopedics and who maintains offices and place of business at 479 Thomas Jones Way, Suite 300, Exton, Pennsylvania 19341.

4. Defendant, The Trustees of the University of Pennsylvania d/b/a Penn Medicine (hereinafter "Penn") is a corporation and/or other business entity which exists for the treatment and care of patients with orthopedic needs with a place of business located at 479 Thomas Jones Way, Suite 300, Exton, Pennsylvania 19341.

5. Defendant Manta is a licensed professional and Plaintiffs are asserting a professional liability claim against this Defendant.

6. Defendant Penn is a licensed professional corporation/business entity and Plaintiffs are asserting a professional liability claim against this Defendant.

7. At all times pertinent hereto, Defendant Manta was an agent, servant, workman and/or employee of Defendant, Penn, and all actions of Defendant Manta were in furtherance of his employment and/or agency relationship with Defendant Penn.

8. At all times pertinent hereto, a physician/patient relationship existed by and between Defendants and Plaintiff, Kimberly Menger Taylor.

**FACTS:**

9. On or about August 7, 2015, Plaintiff presented to Defendant Manta complaining of left knee pain. Dr. Manta reviewed x-rays which revealed no suggestion of fracture, subluxation or destructive lesion, no unusual calcifications, no malalignment and normal joint space. The diagnosis made by Defendant Manta was an inflamed lateral plica or fibroma and the Defendant performed an injection of 80 mg. Methylprednisolone and 40 mg. Triamcinolone.

10. Defendant Manta ordered an MRI which was done August 19, 2015, which revealed, per the reading radiologist, chondromalacia patella with lateral patellar tilt and subluxation, small joint diffusion and intact menisci-ligaments-osseous structures.

11. In short, the MRI revealed no apparent injury or significant pathology present in the patellar tendon. As a result, Defendant Manta prescribed bracing and therapy.

12. Plaintiff returned to Defendant Manta on October 6, 2015, following the completion of physical therapy which did not alleviate her ongoing knee pain. At that visit, Defendant Manta prescribed a set of home exercises to perform and she was to return in a month.

13. Plaintiff returned to Defendant Manta on November 3, 2015, complaining of ongoing left knee pain. Defendant Manta recommended surgery to excise what he described in his notes as a "mass" on the left anterior lateral aspect of her left knee and arthroscopically evaluate the patella femoral joint. Defendant Manta explained this would be a minor surgery with a quick return to activities of daily living and a complete return to normal functioning.

14. On November 11, 2015, Defendant Manta performed surgery upon Plaintiff's left knee at the Chester County Hospital in West Chester Pennsylvania. The pre-operative diagnosis

was right knee, cyst and superolateral plica. The procedure performed was described by Dr. Manta as an arthroscopy and excision of cyst and plica with a shaver.

15.     No significant pathology was described by Defendant Manta related to the patellar tendon.

16.     Plaintiff returned post-operatively to Defendant Manta on November 20, 2015. Plaintiff was experiencing pain and dysfunction far greater than she had been led to believe she would have pre-operatively by Defendant Manta and was still using crutches to ambulate. Defendant Manta prescribed home exercises, that Plaintiff begin physical therapy and that she resume her activities when she felt comfortable to do so.

17.     By January 25, 2016, almost three months since the surgery, Plaintiff could not put weight on a bent knee without the knee collapsing. She was having a tremendous amount of pain. Plaintiff asked for an MRI study to be done but Defendant Manta refused. Defendant Manta ordered an EMG nerve conduction study to confirm whether the muscles/nerves were firing correctly. Defendant Manta's plan was, if there was no nerve pathology revealed by the EMG, to continue aggressive physical therapy and to obtain a home stimulation unit.

18.     The result of the of the EMG nerve conduction study revealed no nerve injury.

19.     Plaintiff returned to Defendant Manta on February 25, 2016. She remained in a great amount of pain which Defendant Manta encouraged her to "push through". Plaintiff identified a specific spot below the knee cap where she was experiencing the pain. Plaintiff's knee would buckle if she bore any weight on it. Defendant Manta expressed that he had no idea why Plaintiff continued to have these difficulties but continued to refuse to order an MRI advising Plaintiff that it would be of no help. Defendant Manta suggested that Plaintiff may

perhaps need to see a neurologist, that she may be experiencing a problem outside his qualifications, and suggested the possibility that she might be suffering from multiple sclerosis.

20. Plaintiff chose to seek a second opinion.

21. Plaintiff visited with Dr. Kevin Freedman of the Rothman Institute on March 8, 2016, for her ongoing knee pain and dysfunction.

22. Dr. Freedman specifically reviewed the MRI done pre-operatively and determined that she had an intact patellar tendon. Dr. Freedman, in this visit of March 8, 2016, could feel the patellar defect. He recommended an MRI to evaluate the status of the patellar tendon.

23. An MRI was performed on March 10, 2016. The impression of the reading radiologist comparing it to the pre-operative MRI revealed interval development of an extensive partial thickness tear of the proximal infra-patellar tendon being nearly full thickness in extent.

24. Dr. Freedman, upon his review of the MRI, diagnosed Plaintiff as having a high grade II complete patellar tendon rupture and recommended patellar tendon reconstruction.

25. On April 11, 2016, Dr. Kevin Freedman performed a patellar tendon reconstruction with semitendinosus allograft under general endotracheal intubation.

26. Since the April 11, 2016, surgery, Plaintiff has endured follow up treatment with bracing, being prevented from weight bearing and extensive physical therapy.

27. In short, Plaintiff underwent an arthroscopic procedure on her left by knee by Defendant Manta on November 11, 2015. Pre-operatively, an MRI documented the status of her knee and evidence that there was no apparent injury or significant pathology present in the patellar tendon. Post operatively with no interval injury having occurred, a follow up MRI of the left knee demonstrated a significant extensive tear of the proximal infra-patellar tendon that was nearly fully thickness in extent, all of which represents an intraoperative error performed by

Defendant Manta during his arthroscopic procedure in that Defendant Manta caused the extensive tear of the proximal infra-patellar tendon by not clearly visualizing the tissues, aggressively debriding tissues and causing damage to the infra-patellar tendon creating a nearly full thickness rupture and compromise of the patellar structure.

28. The injuries suffered by the Plaintiff resulted solely from the negligence and carelessness of the Defendant and were in no manner to any act or failure to act on the part of the Plaintiff.

29. As a further result of the aforesaid negligence of Defendant, Plaintiff has been obliged to receive and undergo medical attention and care and to incur various and diverse expenses, all of which Plaintiff may continue to expend and incur into the future.

30. As a further result of the negligence of the Defendant, Plaintiff has or may suffer a loss of earnings and impairment of earning capacity and power.

31. As a further result of the negligent actions of Defendant, Plaintiff suffered physical pain, mental anguish, humiliation and disfigurement and they continue to suffer the same for an indefinite time in the future.

32. As a further result of Defendant's negligence, Plaintiff has suffered a diminution in her ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

## COUNT I

**PLAINTIFF, KIMBERLY MENGER TAYLOR V. JOHN MANTA, M.D.**

33. Plaintiff incorporates by reference Paragraphs 1 through 32 as though each were and at length set forth herein.

34. The Defendant was negligent and careless in the following respects:

(a) failing to properly perform the arthroscopic procedure of November 11, 2015;

(b) failure to clearly visualize the tissues during the arthroscopic procedure;

(c) aggressively debriding tissues during the arthroscopic procedure;

(d) seriously damaging the infra-patellar tendon during the arthroscopic procedure;

(e) negligently and carelessly causing damage to the infra-patellar tendon during the arthroscopic procedure;

(f) failing to properly monitor, evaluate and treat Plaintiff following the arthroscopic procedure;

(g) failing to order, schedule or perform various pertinent follow up diagnostic studies to evaluate Plaintiff's ongoing pain and dysfunction which were clearly out of character for what was expected following the arthroscopic procedure;

(h) increasing the risk of harm to Plaintiff by carelessly using the shaver and other instruments to cause a full thickness infra-patellar tendon tear during the arthroscopic procedure;

(i) failing to treat Plaintiff in such a way as to not cause harm;

(j) failing to utilize the appropriate skills and learning expected of a board certified orthopedic surgeon to properly perform the arthroscopic procedure so as to avoid injury to the infra-patellar tendon;

(k) failing properly to diagnose the condition from which Plaintiff was suffering;

(l)  failing to order, schedule and/or perform various pertinent follow-up diagnostic studies including an MRI;

(m)  failing to consult with one or more physicians concerning Plaintiff's condition;

(n)  acting in such a fashion as to eliminate Plaintiff's opportunity to avoid severe and permanent harm and exposing her to risk of further injury;

(o)  the Plaintiff relied upon the performance of Defendant Manta for the services he was retained to render and undertook to render and the failure of Defendant to exercise appropriate care increased the risk of harm to Plaintiff.

WHEREFORE, Plaintiff, Kimberly Menger Taylor, demands damages against Defendant, John Manta, M.D., jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars plus interests, costs and damage for pre-judgment delay.

## COUNT II

### PLAINTIFF, KIMBERLY MENGER TAYLOR V. THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA D/B/A PENN MEDICINE

35.  Plaintiff incorporates by reference Paragraphs 1 through 34 as though each were and at length set forth herein.

36.  Defendant Manta was acting in the course and scope of his employment as an agent, employee, servant, officer or director of Defendant Penn Medicine.

37.  Defendant Penn Medicine is vicariously liable for the actions and/or commissions or omissions of Defendant Manta as though the aforementioned entity performed those acts or omissions itself.

38.  Defendant Penn Medicine is liable to Plaintiff for the acts and omissions of its agent Defendant Manta as a matter of vicarious liability.

39. The negligence and careless acts of Defendant Penn Medicine by and through the acts of its agent, Defendant Manta consists of but is not limited to:

    (a) failing to properly perform the arthroscopic procedure of November 11, 2015;

    (b) failure to clearly visualize the tissues during the arthroscopic procedure;

    (c) aggressively debriding tissues during the arthroscopic procedure;

    (d) seriously damaging the infra-patellar tendon during the arthroscopic procedure;

    (e) negligently and carelessly causing damage to the infra-patellar tendon during the arthroscopic procedure;

    (f) failing to properly monitor, evaluate and treat Plaintiff following the arthroscopic procedure;

    (g) failing to order, schedule or perform various pertinent follow up diagnostic studies to evaluate Plaintiff's ongoing pain and dysfunction which were clearly out of character for what was expected following the arthroscopic procedure;

    (h) increasing the risk of harm to Plaintiff by carelessly using the shaver and other instruments to cause a full thickness infra-patellar tendon tear during the arthroscopic procedure;

    (i) failing to treat Plaintiff in such a way as to not cause harm;

    (j) failing to utilize the appropriate skills and learning expected of a board certified orthopedic surgeon to properly perform the arthroscopic procedure so as to avoid injury to the infra-patellar tendon;

(k) failing properly to diagnose the condition from which Plaintiff was suffering;

(l) failing to order, schedule and/or perform various pertinent follow-up diagnostic studies including an MRI;

(m) failing to consult with one or more physicians concerning Plaintiff's condition;

(n) acting in such a fashion as to eliminate Plaintiff's opportunity to avoid severe and permanent harm and exposing her to risk of further injury;

(o) the Plaintiff relied upon the performance of Defendant Manta for the services he was retained to render and undertook to render and the failure of Defendant to exercise appropriate care increased the risk of harm to Plaintiff.

WHEREFORE, Plaintiff, Kimberly Menger Taylor, demands damages against Defendant, Penn Medicine, jointly and severally in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs and damage for a pre-judgment delay.

## COUNT III

### PLAINTIFF, PATRICK TAYLOR

### V.

### DEFENDANTS, JOHN MANTA, M.D. AND THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA D/B/A PENN MEDICINE

40. Plaintiff, Patrick Taylor, incorporates by reference the allegations set forth in Paragraphs 1 through 40 as though each were fully and at length set forth herein.

41. Plaintiff, Patrick Taylor, is the husband of Plaintiff, Kimberly Menger Taylor.

42. As a result of the injuries suffered by his wife, Plaintiff, Patrick Taylor, had and will in the future suffer the loss and deprivation of the usual services, society and consortium of his wife and has been required to perform special services and care to her.

WHEREFORE, Plaintiff, Patrick Taylor, demands damages against the Defendants, John Manta, M.D. and The Trustees of the University of Pennsylvania d/b/a Penn Medicine, both jointly and severally in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs and damage for a pre-judgment delay.

### DEMAND FOR TRIAL BY JURY

Plaintiff(s) hereby demand a trial by jury as to all issues raised by these pleadings.

BARATTA, RUSSELL & BARATTA

BY: _____
ANTHONY J. BARATTA, ESQUIRE
Attorney for Plaintiff

### DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Anthony J. Baratta, Esquire, as trial counsel in this matter.

BARATTA, RUSSELL & BARATTA

BY: _____
ANTHONY J. BARATTA, ESQUIRE
Attorney I.D. No. 56287
The Loft at Woodmont
3500 Reading Way
Huntingdon Valley, PA 19006
(215) 914-2222
Attorney for Plaintiff

DATE: 12/28/16

## VERIFICATION

Kimberly Menger Taylor, hereby verifies that the information contained in the foregoing is based on first-hand information and on information furnished to counsel and obtained by counsel in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by counsel during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. The undersigned understands that the statements therein are made subject to the penalties of the applicable Federal Rules of Civil Procedure relating to unsworn falsification to authorities.

*[signature]*
KIMBERLY MENGER TAYLOR

DATED: 12/28/2016

## VERIFICATION

Patrick Taylor, hereby verifies that the information contained in the foregoing is based on first-hand information and on information furnished to counsel and obtained by counsel in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by counsel during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. The undersigned understands that the statements therein are made subject to the penalties of the applicable Federal Rules of Civil Procedure relating to unsworn falsification to authorities.

_____
PATRICK TAYLOR

DATED: 12/28/2016